**COPPER CANYON LAW**
43 E. First Avenue
Mesa, AZ 85210
(480) 833-3838
www.coppercanyonlaw.com
D. Cody Huffaker (028907)
Stacy Skankey (035589)
cody@coppercanyonlaw.com
stacy@coppercanyonlaw.com
**FOR COURT USE ONLY:**
calendaring@coppercanyonlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shan P. Duffus, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Violations of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.) |
| Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union, LLC, | |
| Defendants. | |

Plaintiff Shan P. Duffus ("Plaintiff"), through undersigned counsel, files this lawsuit against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("TU"), and alleges the following:

## **PRELIMINARY STATEMENT**

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; and Defendants' failure to correct false reporting on Plaintiff's credit reports.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the transactions and occurrences giving rise to this action occurred in Maricopa County, Arizona as a result of Defendants' doing business in Arizona.

**PARTIES**

4. Plaintiff is currently at all relevant times a resident of Maricopa County, Arizona.

5. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Equifax is a limited liability company organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309 and doing business in the State of Arizona.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(p).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

9. Defendant Experian is a corporation organized under the laws of the State of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and doing business in State of Arizona.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(p).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

12. Defendant TU is a limited liability company organized under the laws of Delaware with its principal place of business located at 555 W. Adams Street, Chicago, IL 60661 and doing business in the State of Arizona.

13. TU is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(p).

14. TU is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

**FACTUAL BACKGROUND**

15. In or around January 19, 2021, Plaintiff accessed his Equifax, Experian, and TU credit reports, and discovered that Defendants were reporting derogatory, default, and/or inaccurate account history for Plaintiff's accounts.

16. Immediately upon discovering the false and derogatory tradelines which showed various accounts with derogatory, default, and/or inaccurate account histories, Plaintiff notified Equifax, Experian, and TU directly on February 12, 2021, by filing a written dispute regarding the inaccuracies of the Defendants' tradelines, requesting an investigation, and seeking removal of the errors.

17. According to USPS tracking, Defendant Equifax received Plaintiff's letter on February 16, 2021.

18. According to USPS tracking, Defendant Experian received Plaintiff's letter on or about February 23, 2021.

19. According to USPS tracking, Defendant TU received Plaintiff's letter on February 27, 2021.

20. On April 5, 2021, Plaintiff accessed his Equifax, Experian, and TU credit reports, and discovered that Defendants were still reporting the same derogatory, default, and/or inaccurate account history for Plaintiff's accounts after receipt of Plaintiff's dispute.

21. The disputed tradelines that are still being reported include:

    A.    Equifax:

        1.    Navy Fed CU, Account No. ending –4060. This account has been charged off but is reporting a past due balance;

        2.    Capital One, Account No. ending –0579. Plaintiff disputes ownership of this account;

        3.    Discover Bank, Account No. ending –0023. This account has been charged off but is reporting a past due balance;

        4.    Navy Fed CU, Account No. ending –8878. This account has been charged off but is reporting a past due balance;

        5.    Navy Fed CU, Account No. ending –0422. This account has been charged off but is reporting a past due balance; and

        6.    Verizon, Account No. ending –2310. This account has been charged off but is reporting a past due balance.

    B.    Trans Union:

        1.    Navy Fed CU, Account No. ending –4060. This account has been charged off but is reporting a past due balance;

        2.    Capital One, Account No. ending –0579. Plaintiff disputes ownership of this account;

        3.    Discover Bank, Account No. ending –0023. This account has been charged off but is reporting a past due balance;

        4.    Navy Fed CU, Account No. ending –8878. This account has been charged off but is reporting a past due balance;

        5.    Navy Fed CU, Account No. ending –0422. This account has been charged off but is reporting a past due balance; and

      6.  Verizon, Account No. ending –2310. This account has been charged off but is reporting a past due balance.

  C.  Experian:

      1.  Navy Fed CU, Account No. ending –4060. This account has been charged off but is reporting a past due balance;

      2.  Capital One, Account No. ending –0579. Plaintiff disputes ownership of this account;

      3.  Discover Bank, Account No. ending –0023. This account has been charged off but is reporting a past due balance;

      4.  Navy Fed CU, Account No. ending –8878. This account has been charged off but is reporting a past due balance;

      5.  Navy Fed CU, Account No. ending –0422. This account has been charged off but is reporting a past due balance; and

      6.  Verizon, Account No. ending –2310. This account has been charged off but is reporting a past due balance.

22. Upon information and belief, pursuant to the requirements stated in 15 U.S.C. § 1681i(a)(2), Defendants notified the furnishers, as defined that term is defined in the FCRA 15 U.S.C. § 1681s-2(b), of the disputes within five (5) days of Equifax, Experian, and TU receiving notice of the disputes from Plaintiff.

23. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Defendants failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

24. Upon information and belief, Defendants did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

25. Upon information and belief, Defendants did not provide written notice to Plaintiff pursuant to the requirements of either 15 U.S.C. § 1681i(a)(6)(A) or 1681i(a)(3)(B).

26. As a result of Defendants' violations of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages including denied credit, lower credit rating, and/or increased high rate of interest for credit. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer damage to his reputation, embarrassment, humiliation, and emotional distress.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## COUNT 1: Negligent Violation of the Fair Credit Reporting Act

**(Against All Defendants)**

27. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

28. The Defendants' failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of the Defendants' duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and the Defendants' duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

29. The Defendants' failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following the Defendants' receipt of Plaintiff's disputes are violations of the Defendants' duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

30. The Defendants' violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which the Defendants are liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**COUNT 2: Willful Violation of the Fair Credit Reporting Act**

**(Against All Defendants)**

31. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

32. The Defendants' failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite the Defendants' knowledge of the falsity of the disputed items are willful violations of the Defendants' duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. § 1681e(b) and the Defendants' duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

33. The Defendants' failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following the Defendants' receipt of Plaintiff's disputes are willful violations of the Defendants' duties regarding investigation of disputed items as stated in 15 U.S.C. § 1681i.

34. The Defendants' violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n for which the Defendants are liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands the following:

1. Trial by jury on all triable issues;
2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;
3. For attorneys' fees and costs; and
4. Any and all other relief to which Plaintiff may be entitled.

///

Dated this 25th day of February, 2022.

By: */s/ D. Cody Huffaker*
D. Cody Huffaker (028907)
Stacy Skankey (035589)
COPPER CANYON LAW
43 East First Avenue
Mesa, AZ 85210
(480) 833-3838
cody@coppercanyonlaw.com
stacy@coppercanyonlaw.com